MATTER OF Z——

## Application for PERMISSION TO REAPPLY

### A-15031155

*Decided by Regional Commissioner February 15, 1960*
*Approved by Assistant Commissioner February 24, 1960*

**Permission to reapply—Not granted to crewman previously deported for deliberate violation of crewman landing privileges.**

Permission to reapply after arrest and deportation to allow reentry as a crewman is denied where the alien's record shows a deliberate violation of crewman landing privileges which would disqualify him from again obtaining a conditional landing permit.

#### BEFORE THE REGIONAL COMMISSIONER

**Discussion:** This case is before me by certification under 8 CFR 103.4 pursuant to the district director's denial of the application dated November 7, 1959.

The applicant is a 20-year-old single male, a native and citizen of Italy. He was last admitted to the United States at New York, New York, on September 4, 1958, as a member of the crew of the SS. *TEKLA TORM* for the period that the vessel was in port, not to exceed twenty-nine days.

The applicant deserted his vessel on September 15, 1958. He was subsequently apprehended by officers of this Service on March 4, 1959, at the Port Authority Terminal, New York, New York. Deportation proceedings were instituted and on March 6, 1959, the applicant was found deportable under the provisions of section 241 (a) (2) of the Immigration and Nationality Act, in that after admission as a nonimmigrant under section 101(a) (15) (D) of said act he remained in the United States for a longer period of time than was permitted. During the proceedings the applicant was very uncooperative and refused to reveal the whereabouts of his seaman's document until one week following his arrest. The applicant was deported from the port of New York on March 20, 1959, on the SS. *AGNETE TORM* on the ground previously stated.

On October 19, 1959, the applicant filed an application for permission to reapply for admission into the United States after arrest and deportation indicating that he desired such permission in order that he could reenter the United States in pursuit of his calling as a seaman.

566

Section 212(a)(17) of the Immigration and Nationality Act provides, in pertinent part, that aliens who have been arrested and deported shall be excluded from admission into the United States unless prior to embarkation or reembarkation at a place outside the United States or their attempt to be admitted from foreign contiguous territory, the Attorney General has consented to their applying or reapplying for admission.

The applicant was last admitted to the United States as a nonimmigrant crewman under section 252(a)(1) of the Immigration and Nationality Act, and subsequent thereto did knowingly and willfully violate his status by deserting his vessel and accepting employment ashore in the United States. The applicant has attempted to justify his actions by stating that the salary he earned as a crewman was only $50 a month and that he was not paid for overtime services performed. The applicant's explanation for his past immigration violation is without merit.

Section 101(a)(15)(D) defines a crewman as an alien serving in good faith as such in any capacity required for the normal operation and service on board a vessel (other than a fishing vessel having its home port or an operating base in the United States) or aircraft, who intends to land temporarily and solely in pursuit of his calling as a crewman and to depart from the United States with the vessel or aircraft on which he arrived or some other vessel or aircraft.

Section 252(a) of the Immigration and Nationality Act, in part, states that no alien crewman shall be permitted to land temporarily in the United States unless an immigration officer finds upon examination that an alien crewman is a nonimmigrant under section 101(a)(15)(D), and is otherwise admissible and has agreed to accept the conditions of such permit.

The evidence of record indicates that at the time of admission on September 4, 1958, it was the applicant's intention to desert his vessel and seek employment ashore, and that he deliberately withheld this information from the immigration officer which, if known, would have prevented him from receiving a conditional landing permit. It is concluded from the subject's past violation of the immigration laws that he cannot be considered a *bona fide* crewman within the meaning of section 101(a)(15)(D) of the act. If he were now to apply for admission to the United States as a crewman in pursuit of his calling, he would on the basis of his past record be denied a conditional landing permit under section 252(a) of the act. Accordingly, no purpose would be served in granting permission to reapply on the basis of the instant application and it will be denied.

**Order:** It is ordered that the denial of the district director be affirmed.